[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is a suit brought by a small business corporation seeking to recover damages for alleged errors made by the defendant accountant in filing the plaintiffs' 1985 and 1986 federal tax returns, and in the not giving of advice to the plaintiff on business matters pertaining to his ongoing tax responsibilities. The matter began and ended in this court on October 23, 1991.
The plaintiff was a 23 year old college graduate in 1985, with a business degree in marketing and no experience in business. He formed the plaintiff firm as a corporation with financial input from a college classmate silent partner.
He hired a local lawyer to incorporate him, and the defendant accountant, who filed the 1985 and 1986 federal tax returns, etc. The accountant was discharged by the plaintiff at or about the early part of 1987 when it became apparent the plaintiff had, or soon would have a federal tax problem. The plaintiff hired a new accountant who put his business affairs in order, and restructured his tax obligation, and in the process imputed that his problems were the fault of the defendant first accountant. After hearing this case and reading the notes taken, this court concludes that initially, more communication between the parties might have obviated the trouble and the need for this suit.
The witness' B's testimony was to the effect that he did not talk to the defendant Woods about this corporation, although Woods was known to him to be the accountant. Further the witness lawyer B's testimony was vague and inconclusive, as to whether he knew the letter re the corporation was mailed to the defendant, as to whether he `serviced' the corporation, and as to why he did not send the accountant a copy of the "memo of understanding", dated December 6, 1984 between the plaintiff Holzinger and his friend and financing, equal shareholding partner, Gamble.
The defendant alleges the plaintiff Holzinger never told him Gamble was an equal shareholder with 100 shares of stock, but that, he, Holzinger, was the sole shareholder. CT Page 10009
The plaintiff Holzinger alleges the defendant Woods never told him he could not take money from the corporation to service his "draw", and that if he did so, he would have to repay it. Plaintiff contends he thought that he and "Brad" Gamble would share the "loan or draw" repayments equally.
The defendant says, if he'd known of Gambles' presence in the corporation, he would have amended the 1985 1986 returns to reflect that fact, and would have told the plaintiff he could not take his "draw" from the financially unsound corporation. Finally plaintiffs second accountant never talked to the first accountant when she replaced him and received all of plaintiffs' records etc. from him, and not from her predecessor as is usually the case.
Finally credibility becomes the real issue, and this court finds the defendant Woods to be more believable than the plaintiff Holzinger. Accordingly the verdict and judgment of this court is for the defendants, with no costs or attorneys fees to either party. The plaintiffs attempted claims for damages for money owed, interest, tax penalties paid, or to be paid, the corporations alleged precarious financial position, and his alleged mental and emotional anguish and suffering, merit no consideration and/or damages to the plaintiff.
Judgment for the defendants.
William Beale Ramsey State Trial Referee